UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARLENE BELL-SPARROW,**<br><br>Plaintiff,<br><br>vs.<br><br>**SFG*PROSCHOSEBEAUTY, ET AL.,**<br><br>Defendants. | CASE NO. 18-cv-06707-YGR<br><br>**ORDER DENYING MOTION TO VACATE OR SET ASIDE ARBITRATION AWARD; GRANTING MOTION TO CONFIRM ARBITRATION AWARD**<br><br>Re: Dkt. No. 74 |

This case arises from *pro se* plaintiff Arlene Bell-Sparrow's acceptance of a promotional offer for a face cream product, for which she was charged on a credit card issued to her by defendant Citibank, N.A. After the Court granted Citibank's motion to compel arbitration, Bell-Sparrow initiated arbitration against Citibank seeking damages of $675,000. On March 19, 2020, an arbitrator issued a final award finding Citibank to be the prevailing party but declining to award attorneys' fees and noting that the costs and fees associated with arbitration would be borne by Citibank. Bell-Sparrow was given until April 18, 2020 to appeal the final award, which she did not do. Now before the Court are (i) Bell-Sparrow's motion to vacate or set aside the arbitration award, and (ii) Citibank's countermotion to confirm the award.

Section 9 of the Federal Arbitration Act ("FAA") provides that when presented with an application to confirm an arbitration award, the district court "must grant an order unless the award is vacated, modified, or corrected" as prescribed by statute. 9 U.S.C. § 9.[1] Although Bell-

---

[1] Sections 10 and 11 of the FAA set forth the appropriate bases for vacating or modifying an award. Section 10 authorizes courts to vacate an award when (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made. *Id*. § 10(a). Section 11 provides that a court may modify or correct an award where (1) there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (2) arbitrators have awarded upon a matter not submitted to them, except in limited circumstances; or (3) an award is imperfect in matter of form not affecting the merits. *Id*. § 11.

Sparrow's arguments are difficult to decipher, she appears to move to vacate or modify the final award on two main grounds: (i) there was bias in the arbitration proceedings, and (ii) the final award is irrational and unsupported by the law or facts. Neither argument persuades.

First, Bell-Sparrow claims that the forum and the arbitrator were prejudiced against her. She submits no evidence, however, to support either claim. As to the forum, Bell-Sparrow asserts that Citibank and the American Arbitration Association ("AAA"), which issued the award, have a non-arm's length relationship because Citibank is AAA's landlord. At most, it appears that Citibank and AAA both have offices the same downtown San Francisco high-rise. This, by itself, does not establish a landlord-tenant relationship or otherwise render their association suspect.

As to the arbitrator, Dana Welch, Citibank proffers that she was randomly selected by AAA.[2] The evidence indicates both parties were provided with her resume and oath form, the latter which included detailed conflict disclosure statements. Specifically, Ms. Welch disclosed that she previously had been appointed as arbitrator in another case in which Citibank was the respondent, which settled prior to an evidentiary hearing. There was no other documented association between Citibank or the arbitrator, nor is this type of association surprising given Ms. Welch's experience and Citibank's size. There is no evidence that either party sought to have Ms. Welch disqualified due to the information on her resume or oath form. Further, that Citibank's counsel and Ms. Welch had a conversation after the arbitration does not establish bias absent any indication that they discussed the case or any related topic.[3]

Second, Bell-Sparrow raises various arguments challenging the bases for the arbitrator's decision in favor of Citibank. In considering these arguments, the Court is mindful that "[n]either erroneous legal conclusions nor unsubstantiated factual findings justify a federal court review of

---

[2] Bell-Sparrow does not directly refute this assertion. Rather, she contends that she never agreed to arbitrate this case, presumably in front of any arbitrator. As this Court previously held, however, Bell-Sparrow accepted a valid agreement to arbitrate upon opening an account with Citibank, and that agreement encompasses the dispute at issue. Further, Bell-Sparrow cites to California Civil Procedure section 1281.6, but that rule appears irrelevant because Bell-Sparrow never petitioned this Court to appoint an arbitrator.

[3] Nor is there bias arising from the fact that Citibank must pay the fees and costs associated with the arbitration proceedings. The arbitration agreement, AAA rules, and final award so required, and moreover, this relieves Bell-Sparrow of the burden of having to pay.

1   an arbitral award[.]" *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citation omitted).
2   As such, Bell-Sparrow's merits-based arguments—including that the arbitrator failed to apply the
3   elements of a contract claim and that Bell-Sparrow did not assent to the purchases, never received
4   the products, and was not on notice of any recurring charges—do not warrant setting aside or
5   modification of the final award.

Nor is the Court persuaded that the arbitration was procedurally defective. Instead, all indications are that the arbitrator held a full and fair evidentiary hearing.[4] Bell-Sparrow had an opportunity to and did object to evidence proffered by Citibank.[5] At Bell-Sparrow's request, and over Citibank's objection, Ms. Welch permitted each party to submit additional post-hearing evidence and briefing.[6] The arbitrator then issued a reasoned final award supported by reference to evidence proffered at the hearing. The final award acknowledges that Citibank's statements are "not the model of clarity," but explains that upon examination, Bell-Sparrow was charged for only a fraction of the amount claimed. After finding that Bell-Sparrow would not prevail on any of her asserted claims, and noting Bell-Sparrow's *pro se* status, the arbitrator took the additional step of analyzing a potentially cognizable claim under the Fair Credit Billing Act, which Bell-Sparrow had not even asserted. The arbitrator also considered Bell-Sparrow's financial circumstances in declining to award attorneys' fees to Citibank.[7]

---

[4] Bell-Sparrow claims that the arbitrator requested that she stay behind to review documents during a 20-minute break but does not indicate how she was prejudiced by this request.

[5] In her briefing, Bell-Sparrow appears to take issue with evidence proffered by Citibank concerning a different vendor than the ones allegedly involved in this case. Neither party has provided to the Court any of the record evidence that was before the arbitrator, but regardless, the arbitrator appears to have properly accounted for this evidentiary deficiency, stating in the final award that "[e]vidence shows that [Bell-Sparrow] might have purchased the product through the merchant's website. In any event, she used her Citi Account for the promotion."

[6] The final award notes that Bell-Sparrow's supplemental briefing was comprised of only previously filed documents, exhibits, and arguments, none of which supported her claims.

[7] Bell-Sparrow repeatedly cites California Code of Civil Procedure section 664.6, but that rule does not apply here. The rule applies where parties to pending litigation stipulate to settlement. There is no evidence of a settlement here, nor is there any basis for Bell-Sparrow's apparently related claim that Citibank attempted to force a settlement.

1    Finally, the Court notes that Bell-Sparrow may proceed with her pending claims against
2    the merchants also named as defendants in this case, who the arbitrator noted were the focus of
3    Bell-Sparrow's arguments during the arbitration.
4    For the foregoing reasons, the Court **ORDERS** that Bell-Sparrow's motion to vacate or set
5    aside the arbitration award is **DENIED**, and Citibank's motion to confirm the award is **GRANTED**.
6    The final arbitration award in *Arlene Bell-Sparrow v. CitiBank*, AAA Case No. 01-19-0000-9989,
7    dated March 19, 2020, is **CONFIRMED**.
8    This Order terminates Docket Number 74.
9    **IT IS SO ORDERED.**

11   Dated: September 30, 2020

     _____
     **YVONNE GONZALEZ ROGERS**
     **UNITED STATES DISTRICT COURT JUDGE**

4